IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ARTHUR LEE DARBY, JR.

    Petitioner,

v.                              Civil Action No. 3:19CV190

WARDEN MARK BOLSTER,

    Respondent.

MEMORANDUM OPINION

Arthur Lee Darby, Jr., a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 3) challenging the Bureau of Prisons' ("BOP") failure to award him additional good conduct time pursuant to the First Step Act.[1] Respondent has moved to dismiss on the grounds that, inter alia, Darby failed to exhaust his administrative remedies. The Respondent served a Roseboro notice on Darby,[2] but Darby has not filed a response. For the reasons set forth below, RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS ("Motion to Dismiss," ECF No. 7) will be granted.

I.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." Woodford v. Ngo, 548 U.S. 81, 88 (2006).

---

[1] The Court employs the pagination assigned to Darby's § 2241 Petition by the CM/ECF docketing system.

[2] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Prior to seeking judicial relief, an inmate filing a § 2241 Petition must properly exhaust his or her administrative remedies. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," Woodford, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. See Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (citation omitted) (internal quotation marks omitted) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief"). The applicable prison rules "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

## II. THE BOP's GRIEVANCE PROCEDURE

The BOP manages an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by first attempting to resolve the matter informally. See 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate

2

must then submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a), at his place of incarceration. See 28 C.F.R. § 542.14(d). "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

### III. DARBY'S LACK OF EXHAUSTION

Darby acknowledges that he has not exhausted his administrative remedies and provides no reason why his lack of exhaustion should be excused. (§ 2241 Pet. 2-3.) Thus, Darby's claims are unexhausted and may not be reviewed at this juncture. Accordingly, the action will be dismissed without prejudice. Darby may refile his § 2241 petition after he has exhausted his administrative remedies.

### IV. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 7) will be granted. The action will be dismissed without prejudice. Darby may refile his § 2241 petition after he has exhausted his administrative remedies.

The Clerk is directed to send a copy of this Memorandum Opinion to Darby and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 19, 2019
Richmond, Virginia

3